UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL APOLLO GORNICK,<br><br>Plaintiff,<br><br>v.<br><br>PBSP-MEDICAL/CDCR, et al.,<br><br>Defendants. | Case No. 14-cv-03124-KAW<br><br>**ORDER OF SERVICE AND PARTIAL DISMISSAL**<br><br>Re: Dkt. Nos. 6, 7 |

Plaintiff, a state prisoner incarcerated at Pelican Bay State Prison ("PBSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by the PBSP Medical Department and PBSP medical staff. Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. He has paid the $400 filing fee.[1] Plaintiff also filed a motion for clarification of the Court's previous order in which the Court indicated that Plaintiff had a "need for special glasses," rather than a need for prescription eyeglasses that helps Plaintiff with his visual impairment and migraine headaches. Doc. No. 6. The motion for clarification is granted, and the Court clarifies that it did not intend to misstate Plaintiff's allegations of his need for prescription glasses that alleviates his visual impairment and migraine headaches.

**I. DISCUSSION**

**A. Preliminary Review of Complaint**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

---

[1] Plaintiff's motion for a continuance to pay the filing fee is denied as moot. *See* Doc. No. 7.

monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. Corrections & Rehabilitation*, 756 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633. Under no circumstances is there respondeat superior liability under section 1983. *Lemire*, 756 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). It is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violations. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

**B. Plaintiff's Claims**

The following is a summary of the allegations in Plaintiff's complaint. Plaintiff was issued prescription eyeglasses when he was housed at Corcoran State Prison. The prescription glasses alleviated Plaintiff's visual disturbance and migraine headaches. On May 16, 2013, PBSP Medical Staff confiscated Plaintiff's prescription eyeglasses. Plaintiff submitted numerous health care requests for treatment for his vision problem and migraines, but they were unanswered.

On May 16, 2013, Licensed Vocational Nurse (LVN) and Medical Appliance Coordinator Lambert[2] confiscated Plaintiff's prescription eyeglasses. LVN Lambert said that Plaintiff's eyeglasses were not allowed because they were tinted. Plaintiff told LVN Lambert that he suffers from a visual disturbance which causes migraine headaches and that the glasses reduce the severity and frequency of the migraines. LVN Lambert asked Plaintiff if he had documents to verify this and Plaintiff said, "yes." However, after LVN Lambert reviewed the documentation, he said to Plaintiff, "you should have thought of that before pissing people off." Plaintiff repeatedly told LVN Lambert that he needed his glasses to alleviate his visual disturbance and that he had been issued that prescription by the Corcoran Medical Department. LVN Lambert responded that PBSP did not recognize the prescription from Corcoran. LVN Lambert's actions caused Plaintiff wanton pain which affected his ability to undertake his activities of daily living.

Plaintiff advised Dr. Ikegbu, at the PBSP Medical Clinic, many times of Plaintiff's need for prescription glasses to alleviate his visual impairment and migraine headaches. However, Dr. Ikegbu never responded. Dr. Ikegbu wrote that he was denying Plaintiff sunglasses, not prescription glasses. Dr. Ikegbu never physically examined Plaintiff or spoke with Plaintiff before denying him prescription glasses.

Dr. Sayer is the Chief Medical Officer at PBSP and supervises Dr. Ikegbu. As the head of medical operations, Dr. Sayer has the duty to see that Plaintiff received adequate medical care and he failed in this responsibility.

Dr. Jacobsen is Dr. Ikegbu's direct supervisor. On June 28, 2013, Dr. Jacobsen conducted

---

[2] Plaintiff states that he does not know the first names of Defendants.

a first level review of Plaintiff's medical grievance regarding Dr. Ikegbu's failure to treat Plaintiff's medical condition. Instead of responding to Plaintiff's complaint, Dr. Jacobsen stated that there was no reason "to maintain sunglasses." Dr. Jacobsen's contention that Plaintiff requested to keep a pair of Rayban sunglasses is false. She had a duty, at the least, to test Plaintiff's eyeglasses to verify if they were prescription glasses.

Maureen McLean, Chief Medical Executive ("CME") is also Dr. Ikegbu's supervisor. On September 13, 2013, CME McClean conducted the second level review of Plaintiff's medical grievance. CME McClean had additional evidence Plaintiff had submitted regarding his need for prescription glasses. Plaintiff also submitted a declaration from George Horan, a Catholic priest in Los Angeles who ordered the eyeglasses for Plaintiff with the prescription issued by the Corcoran Medical Department. CME McClean ignored all the evidence and denied Plaintiff's grievance at the second level of review.

J. Torrance, Health Care Specialist, frustrated Plaintiff's attempts to appeal by rejecting the appeal on various technical grounds. Plaintiff's appeal was finally allowed to proceed, but only after J. Torrance abused her powers and attempted to deny Plaintiff his right to due process.

**C. Deliberate Indifference to Serious Medical Needs**

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059. A prison official exhibits deliberate indifference when he knows of and disregards a substantial risk of serious harm to inmate health or safety. *Farmer*, 511 U.S. at 837.

Liberally construed, Plaintiff's complaint appears to allege a claim for deliberate

4

indifference to his serious medical needs against LVN Lambert, Dr. Ikegbu, Dr. Jacobsen, and CME McLean. However, even liberally construed the allegations do not state a claim against: (1) the PBSP Medical Department because a § 1983 claim must be asserted against a person; (2) Dr. Sayer because they do not indicate that he had personal knowledge of the alleged constitutional violation or that he personally took any actions that caused the constitutional violation; and (3) J. Torrance because there is no constitutional right to a prison appeal process, *see Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (there is no federal constitutional right to a prison administrative appeal or grievance system for California inmates).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for clarification is granted. Doc. No. 6. Plaintiff's motion for a thirty-day continuance to submit his filing fee is denied as moot because Plaintiff has paid the fee. Doc. No. 7.

2. Plaintiff states a cognizable claim for deliberate indifference to his serious medical needs against LVN Lambert, Dr. Ikegbu, Dr. Jacobsen and CME McLean. This claim is dismissed against the PBSP Medical Department without leave to amend as amendment would be futile. The claim is dismissed against Dr. Sayer. Plaintiff may, if he wishes, file an amended complaint to cure the deficiencies noted above against Dr. Sayer.

3. Plaintiff's due process claim against J. Torrance is dismissed without leave to amend as amendment would be futile.

4. If Plaintiff chooses to file an amended complaint, he must do so within <u>twenty-one days</u> from the date of this Order. He must file the amended complaint on the Court's civil complaint form with the words "First Amended Complaint," on the upper right hand side of the cover page. Plaintiff must use in the caption of the Amended Complaint the name of this case, *Gornick v. PBSB-Medical, et al.*, and the case number C 14-3124 KAW (PR). Plaintiff is cautioned that he must include all allegations from his original complaint in his Amended Complaint. If Plaintiff does not file an Amended Complaint within twenty-one days from the date of this Order, claims that are dismissed with leave to amend will be dismissed with prejudice and Plaintiff's claims

against LVN Lambert, Dr. Ikegbu, Dr. Jacobsen and CME McLean will proceed.

5. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and all attachments thereto, a copy of this Order and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to PBSP Defendants LVN Lambert, Dr. Ikegbu, Dr. Jacobsen and CME McClean.</u>  The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco, and a copy of this Order to Plaintiff.

6. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure require them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver forms.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due <u>sixty</u> days from the date on which the request for waiver was sent or <u>twenty</u> days from the date the waiver form is filed, whichever is later.

7. Defendants shall file their Consent or Declination to Magistrate Judge Jurisdiction on or before the date their answer is due.

8. The following briefing schedule shall govern dispositive motions in this action:

a. No later than <u>thirty</u> days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  If Defendants file a motion for

6

summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decisions in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion.

b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than twenty-eight days after the date on which Defendants' motion is filed.

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c. Defendants shall file a reply brief no later than fourteen days after the date Plaintiff's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to

depose Plaintiff and any other necessary witnesses confined in prison.

10. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

11. It is Plaintiff's responsibility to prosecute this case. He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

12. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: November 5, 2014

KANDIS A. WESTMORE
United States Magistrate Judge